BEST & CO., INC., Plaintiff, *v.* LUDWIG E. GOETZ and Others, Copartners Doing Business under the Firm Name and Style of GOETZ, KRUMSCHEID & KLIBAN, Defendants.

Supreme Court, Special Term, New York County, March 31, 1939.

*Strauss, Reich & Boyer* [*M. James Spitzer* of counsel], for the plaintiff.

*Maurice S. Levy,* for the defendants.

COTILLO, J.   The plaintiff and its predecessors for the past sixty years have been engaged in the retail apparel specialty store business.   Plaintiff maintains retail establishment on Fifth avenue, New York city, for the sale of women's, children's and men's wearing apparel and accessories, and it conducts suburban and seasonal resort branch stores in many cities.

On April 23, 1926, the plaintiff adopted and used the expression " Shirtmaker Frock " for women's and children's dresses and

secured registration shortly thereafter in the United States Patent Office under the act of Congress of 1905 (33 U. S. Statutes at Large, 724–731, chap. 592; U. S. Code, tit. 15, §§ 81–109), which constituted *prima facie* evidence of plaintiff's title and sole and exclusive right to the trade-mark. (U. S. Code, tit. 15, § 96.) During the past ten years plaintiff has particularly used and featured the single word " Shirtmaker " as its trade-mark for a certain type of classic tailored dress and blouse for women. A label bearing the trade-mark is attached to each garment sold by the plaintiff to which the designation is applied. It has been extensively and continuously advertised by plaintiff in newspapers, catalogues, magazines, rotogravures and mail order and fashion booklets and other advertising media circulated not only in the city of New York but also throughout the entire United States and elsewhere. Approximately $3,500,000 in " Shirtmaker " dresses and blouses have been sold by plaintiff since 1930. Although the word " Shirtmaker " is a proper word of the English language, it is entirely arbitrary and fanciful in the use made of it by plaintiff, and there is ample evidence to establish that the trade-mark has become identified with plaintiff in the minds of the trade and the purchasing public and is accepted as indicating and meaning merchandise of a certain type sold and sold only by plaintiff. Large numbers of mail orders are continually being received by plaintiff which request " Shirtmaker " merchandise under that particular designation.

The defendants are manufacturers of dresses and blouses which are sold to retailers who engage in business in direct competition with the plaintiff. Until August, 1937, the defendants did not apply any trade-mark to the merchandise sold by them. At that time, which was two weeks after one of plaintiff's former employees had become employed by them, the defendants adopted and obtained registration of the trade-mark " The Shirt-Cutter " for merchandise of the same type as is sold by plaintiff under its trade-mark " Shirtmaker." Both trade-marks begin with the word " shirt " and end with the letters " er." They look and sound substantially alike, and the meaning and suggestion conveyed by each is almost precisely identical. It seems extraordinary that, with an unlimited variety of names to select from, the defendants' inventive faculties were so limited that they could only select a word which is practically a synonym of plaintiff's nationally renowned mark.

In my opinion there is sufficient similarity in the form, appearance, spelling, sound and meaning of the two trade-marks that the ordinary purchaser, buying under usual conditions of trade in the average busy retail store, with no opportunity for visual comparison,

is likely to be confused or misled. As a matter of fact, there is proof of actual palming off. Moreover, the defendants have authorized and paid for advertisements by their retail customers which contain statements tending to confuse the purchasing public and which unfairly trade upon the established reputation which plaintiff has created in its trade-mark. The defendants are guilty of trade-mark infringement and acts of unfair competition.

The affirmative defenses interposed by the defendants are without merit, and judgment is directed for the plaintiff. Findings of fact having been waived, the judgment submitted has been signed.